## INADMISSABILITY OF UNPROVED PAPER WRITINGS.

[Circuit Court of Cuyahoga County.]

Anna Bunner et al v. Edward S. Ison et al.

Decided, December 22, 1905.

*Evidence—Paper Writings—Where Execution of, is Denied—Are Inadmissible, Unless—Rule as to Ancient Instruments—Correct Rulings on Incorrect Grounds.*

1. A paper writing is not admissible in evidence, where its execution is denied by the answer, and no evidence is offered tending to show that it was ever in fact signed by the parties whose names appear as the subscribing witnesses.
2. The fact that a paper writing bears date forty years prior to the time it is offered in evidence does not, standing alone, bring it within the rule as to ancient instruments.
3. The giving of a wrong reason by a trial judge for the exclusion of certain testimony would not be ground for the reversal of the resulting judgment, where the exclusion was itself proper; but in the case at bar the reason given in the judgment entry, that the paper writing was excluded "on the ground that it did not tend to show a legal title in the plaintiffs to the lands in question," is entirely consistent with the finding of the reviewing court as to the inadmissibility of the writing upon which title depended.

Marvin, J.; Winch, J., and Henry, J., concur.

Error to the court of common pleas.

The petition filed in the court of common pleas alleges that on the 25th day of October, 1864, John Leopold was a widower, the father of four children, and Fredericka Kreunberger was a widow, the mother of four children; that these two parties, expecting to become husband and wife, entered into a written contract on said day in relation to certain real estate in Cuyahoga county, Ohio, then owned by the said Leopold. This writing is designated in the petition as a deed of trust. By this writing certain provision was made for the said two parties and for the children of each then living, and for any children that might be born to them in the marriage which was to take place between them.

The said John and Fredericka are both dead. The plaintiffs are children and descendants of children of said John. Two of the defendants are also children of said John, who refused to join as plaintiffs and are therefore made defendants. The other defendants are in possession and claim to own certain real estate described in the petition, which is a part of that contracted about in the writing already mentioned. The plaintiffs aver that they and the defendants Amelia Berchtold and Fredericka Mathews are the owners and entitled to possession of said real estate, and that the other defendants unlawfully keep them out of the possession thereof. The prayer of the petition is for an order of the court decreeing the possession to the plaintiffs and said Amelia Berchtold and Fredericka Mathews, and that the other defendants may be required to account for rents and profits of said premises while the same have been in their possession.

The defendant Foote answers, alleging that he is in possession of said premises and is the owner of same in fee; that the defendant Ison at one time was in possession with him and jointly with him owned said premises. He admits that the premises were formerly owned by said John Leopold, and avers that he is the owner thereof by virtue of the conveyance thereof by said John Leopold and through certain mean conveyances to himself.

The plaintiffs' reply, averring that the conveyance made by John Leopold, upon which the defendant relies, conveyed only an estate for and during the life of the said John Leopold, because of the limitations put upon his title by virtue of the contract or deed of trust of October 25, 1864, hereinbefore mentioned. Whatever title or right the plaintiffs have in these premises depends upon said instrument. They claim under it. That is the writing of October 25, 1864.

A bill of exceptions containing the proceedings on the trial in the court of common pleas is filed here, and it is claimed that there is error manifest in this record.

From this bill it appears that the plaintiffs proved the marriage of said John Leopold and Fredericka Kruenberger; that each had four children at the time of the marriage, as stated in the petition; that no children were born of said marriage; that

both were dead, and that the plaintiffs are descended from said John, as stated in the petition; and then the plaintiffs offered a certain paper writing, a copy of which is attached and made a part of the bill. To the admission of this writing the defendants objected, and such objection was sustained. Exception to this ruling was taken by the plaintiffs. No further evidence was offered and the court, thereupon, gave judgment for the defendant Foote.

It is this ruling upon the introduction of the writing that is complained of. The briefs and the oral argument of counsel on each side deal chiefly with the construction to be given and the legal effect of the writing offered, and show very extensive research by all of them upon some very interesting questions, only one of which, as we view the case, need be considered by the court.

The instrument offered bears date October, 1864, and has attached to it where signatures would properly appear upon a contract, the names J. Leopold, F. Kruenberger, Heinr. Reussman. On the left hand at the end of the writing where the names of witnesses should properly appear and under the words "In presence of" appear the names "C. F. Roll, E. Hessenmueller."

The provisions of the writing offered are such as the petition sets out are contained in the writing or deed of trust entered into between John Leopold and Fredericka Kruenberger October 25, 1864.

The execution of such a writing is denied by the answer. No evidence was offered tending to show that the writing offered was ever signed by these parties whose names appear at the foot of it. Surely it is not sufficient to entitle a writing to be admitted in evidence, that a certain name appears upon it where the name of one whose writing it purports to be would properly appear. As well might one offer in evidence a writing in the form of a promissory note with a name at the end of it, as against such man without showing who signed the note, or a letter with the name of John Doe at the end of it as the letter of John Doe without showing that it was his genuine signature. There is no question, so far as the matter now under

consideration is concerned, as to whether the instrument offered is one authorized by law to be recorded and therefore provable by the record, because no record was offered. All that was offered was this writing.

Section 6577, Revised Statutes, provides that in actions before a justice of the peace, it shall not be necessary to prove the execution of a written instrument, unless the party to be charged shall make and file with the justice of the peace an affidavit that such instrument was not made, etc. The reason for this is obvious. The cause is to be tried without verified pleadings, and the party relying on the writing should not be put to the expense of proving its execution, unless the party sought to be charged under it is willing to deny its execution under oath. Such is not the case here. The defendant, by his answer in this case, has denied under oath the execution of the instrument on which the plaintiff relied, and the statute itself shows the policy of the law, except for the statute referred to, to require proof in all cases of the execution of the instrument before it can be admitted.

Greenleaf on Evidence, Vol. 1, Sec. 558, states the rule in these words: "In general all private writings produced in evidence must be proved to be genuine," and then follows a discussion of how such proof shall be made. Here, no attempt whatever was made to show that the writing was genuine.

In *Barrett* v. *Hanshue*, 53 O. S., 482, it is held that the old rule requiring the writing to be proved by the subscribing witnesses was not in force and that the proof must be made by some competent person before the writing can be admitted in evidence.

It is suggested that this might have been properly admitted as an *ancient document*. There is nothing before us to indicate that it should be so treated. True, it bears date forty years earlier than the time at which it was offered, but we know nothing of its appearance or the custody in which it has been or from which it was taken. The rule as to the admission of *ancient instruments* is thus stated in Abbott's Trial Evidence, at page 708:

"An ancient deed or will or other instrument of title may be admitted in evidence with direct proof of execution, when

shown to have come from proper custody and appearing to be of the age of at least thirty years  *  *  *  if such account of it be given as may reasonably be expected under all the circumstances of the case and as affords a presumption that it is genuine.''

None of these requisites were shown here.

It is urged that the reason given by the court shows that the exclusion was upon other grounds than those stated in this opinion.  If that were true it would not justify a reversal, if there existed any lawful ground for such exclusion.  The reason stated, however, in the bill of exceptions is entirely consistent with what has been said.  The language of the bill is:

''And the court thereupon sustained the objection and refused to admit said paper writing in evidence and excluded the same on the ground that the same did not tend to show a legal title in the plaintiffs to the lands in question.''

Surely, if, as we have reasoned under the law, it did not of itself tend to show anything except that it was a written paper, the ground stated by the court was entirely proper.

As the plaintiffs could not succeed without establishing the contract set out in the petition, and as there was no evidence tending to show such contract, the judgment for the defendant necessarily followed, and the same is affirmed.

*E. Sowers*, for plaintiffs in error.

*Brewer, Cook & McCowan, Squire, Sanders & Dempsey, J. A. Fenner* and *E. K. Wilcox*, for defendants in error.